THE UTICA AND SCHENECTADY RAIL ROAD COMPANY *vs.* BRINCKERHOFF.

Where it was alleged in a declaration that an agreement was entered into between a rail road company and an individual, by which the latter stipulated, that if the former would locate their road and terminate it at a certain place, and should require certain lands in the vicinity of such termination for the purposes of the road, that he would pay the damages which should be appraised to the owners of the lands ; and the plaintiffs then proceeded to aver that the agreement being so made, afterwards, to wit, on, &c., at, &c., *in consideration thereof*, and that the plaintiffs *had promised* to perform on their part, the defendant promised to perform on his part ; *It was held,* that the promise of the *individual* was not binding, inasmuch as by the agreement no obligation was incurred on the part of the *company*, and that the promise of the company set forth as made subsequent to the agreement, was not a sufficient consideration to sustain the promise of the defendant.

DEMURRER to declaration. The plaintiffs declared against the defendant Elizabeth Brinckerhoff, that by a certain agreement made in writing between the plaintiffs and the

defendant, on, &c., at, &c. it was stipulated, that if the plaintiffs should locate their road on Water street, terminating at the square at the lower end of Genesee street in Utica, and should require for the purposes of their road certain lands in the vicinity of such square (particularly describing them,) that the defendant in consideration of the benefits which she would derive from such location, would pay such sum as the said lands should be appraised at, in case the same should be taken by the plaintiffs for the purposes aforesaid, and should be appraised according to the act incorporating the company, as soon as such appraisal should be duly confirmed. The plaintiffs then proceed as follows: "And the said agreement being so made as aforesaid, afterwards, to wit, on the day and year aforesaid, and at the place aforesaid, in consideration thereof, and that the said plaintiffs at the special instance and request of the said defendant, had then and there undertaken and faithfully promised the said defendant to perform and fulfil the said agreement in all things on their part to be performed and fulfilled, the said defendant undertook and then and there faithfully promised the said plaintiffs, to perform and fulfill the said agreement in all things on her part to be performed and fulfilled." The plaintiffs then aver general performance on their part, and that afterwards, to wit, on, &c., at, &c., they did duly locate their road at the place designated in the agreement; that they required for the purposes of their road the lands in the agreement described, and took the same for the purposes aforesaid, and although the lands were appraised according to the act incorporating the company at the sum of $7590, and although the appraisal was afterwards, to wit, on, &c., at, &c., duly confirmed, of all which the defendant had notice, yet, the defendant had not paid, &c. There was a *second* count substantially like the first, except that it set forth in detail the lands taken and the proceedings had for the appraisement of the same. The defendant demurred to each count, assigning as special causes of demurrer to the *first count* that no consideration for the agreement of the defendant was shown, nor was it averred that there had been a legal appraisement of the

lands; and to the second count, 1. No consideration was averred; 2. It was not averred that an appraisement was necessary; and 3. It was not shown that the defendant had *notice* of the appointment of appraisers or of their meetings, &c. The plaintiffs joined in demurrer.

*S. Stevens,* for the defendant.

*M. T. Reynolds,* for the plaintiffs.

*By the Court,* NELSON, Ch. J. The difficulty in sustaining this action is, that no consideration appears for the undertaking of the defendant. The written instrument is but a simple proposition, and no averment that it was acceded to by the plaintiffs. The fact that they afterwards located the road agreeably to the terms of the proposition is, of itself, nothing; it should have appeared that they had agreed with the defendant, thus to locate it as a consideration for the promise. The promise of each must be concurrent and obligatory *at the same time* to render either binding, and should be so stated in the declaration. 1 Caines, 585. 4 Johns. R. 235. 7 id. 87. 3 T. R. 653 & 148. 9 Wend. 336.

This case is not unlike *Burnet* v. *Biscoe,* 4 Johns. R. 235, and *Cooke* v. *Oxley,* 3 T. R. 653. In the first the defendant made an agreement with the plaintiff on the 20th February, by which she agreed to give him the refusal of her farm for two years, from the 1st April following, on certain terms specified. The plaintiff averred that on the 1st April he performed the agreement, &c. On demurrer, the court say, there was no consideration stated—that though the defendant agreed to give the refusal of the farm, the plaintiff did not agree to take it—that there was no promise on his part for the promise of the defendant, nor any money paid, or other valuable consideration given. The other case is, if possible, still stronger. There the defendant agreed to give the plaintiff till four o'clock, P. M. to *agree* to the proposal, and the declaration averred that he did *agree* and gave notice before the hour—still the judgment was arrested. *At the time of entering into the contract* the engagement was

considered all on one side—and it did not appear that the parties came to any subsequent agreement.

The pleader in the cause before us, assumes that the instrument was obligatory on both parties on the 4th August, when it was executed by the defendant, and upon the strength of the legal liability arising thereupon alleges, as usual, mutual promises by the parties to fulfil and perform the aforesaid *agreement.* Where this legal liability arises from the contract as set forth, it is sufficient to state it without alleging formally that the defendant promised. 1 Chitty's Pl. 299. 2 N. R. 62. And it is equally clear, if none appears, the *super se assumpsit* will not help the count. Without the *legal liability,* the promise fails.

The radical vice in the pleading is, that the *agreement, and the undertaking and promise of the plaintiffs to perform it,* which they set forth as the sole *consideration* for the promise of the defendant, amounts to nothing, as the agreement is not binding upon them—it is an agreement only upon one side.

The other objections I am inclined to think untenable. The appraisal referred to, was to be made agreeably to the act of incorporation in such cases provided.

Judgment for defendant.