Boyce *v.* Brown.

---

Same Term. *Before the same Justices.*

BOYCE *vs.* BROWN.

Requisites of an answer, under the Code of 1848.

Although the forms of pleading previously in use are not now applicable, particularly as to the classification of actions, yet the manner of stating the claim or defense, as required by the code, with that exception, and that of certain formal parts, still remains. The pleader may use his own language; but the pleading must contain the necessary matter, and it must be stated in an intelligible, issuable form, capable of trial. *Per* HAND, J.

Facts must still be set forth according to their legal effect and operation, and not the mere evidence of those facts; nor arguments; nor inferences; nor matter of law only. *Per* HAND, J.

Nor should pleadings be hypothetical; nor in the alternative; nor destitute of truth and certainty. *Per* HAND, J.

Section 129 of the code of 1848 (corresponding with § 150 of the amended code,) is a statutory inhibition against duplicity, in stating two defenses together. Each defense, or ground of defense, must be separately stated. And this, *it*

Boyce v. Brown.

*seems*, applies to more than one defense to the same cause of action, as well as to different defenses to different causes of action.

As a general rule, a pleading, to be good by the settled principles of pleading as modified by the code, must state the facts constituting a legal cause of action, or ground of defense. And these should be set forth in a plain, direct, definite, certain, and traversable manner, and according to their legal effect.

Any number of facts constituting one cause of action, or one defense, may be combined ; but each cause of action, and each defense, should be stated separately, so as to be capable of trial.

Method of pleading a right of way.

A party having a private way, cannot justify going *extra viam*, because the road is impassable.

A plaintiff, by going to trial upon the answer of the defendant, admits it to be true, so far as the matter is set out issuably. But that admission does not aid a defect of substance, or prevent the plaintiff from taking advantage of it upon the trial.

If a good title be defectively set out, *it seems* the plaintiff can not, under the 204th section of the code, make the objection on the trial. But where the title itself, as set out, is defective, or where in truth none is set out, the case is different.

APPEAL, by the defendant, from the judgment rendered by the judge at the circuit, upon the issues of law arising upon the pleadings. The complaint alledged that on the 26th of May, 1848, the defendant, wrongfully and without leave, entered upon the lands in the possession of the plaintiff, with his horses and wagons, and trod down,. ate up and destroyed the grass and herbage and crops there growing ; and that he wrongfully broke, carried away, and destroyed the gates, bars and fences, potatoes, corn and wood of the plaintiff; that he wrongfully opened the gates and bars to the plaintiff's enclosure, whereby hogs, geese, cattle and horses got into such enclosure and destroyed his grass and crops, &c. &c. ; claiming judgment for $20. The defendant, in his answer, denied the several acts and things alledged in the complaint, or doing any act or thing on any lands of the plaintiff, or in his possession, except in passing from the main road (leading to Hartford,) by or from the house on the farm, then or formerly owned by Jonathan Brown, and then occupied by the plaintiff, to the dwelling house of the defendant, occupied by him. That as to the defendant's passing over lands in the plaintiff's possession and over the said path or road leading from the house occupied by the plaintiff, to

VOL. VII.          11

the defendant's house, being a path or road used for many years as a road, he, the defendant, did pass over and travel the same, as he lawfully might do. That if he took down any bars or gates, or did any of the other acts or things alledged against him, it was because the same obstructed his passage, and were wrongfully put and placed there by the plaintiff, and were necessary to be removed in order to enable the defendant to pass through and go over the same. That the said road was at the said time and times a public highway by user under the statute, or if not a public highway was a private way or road, and that the defendant had, at the said time and times, a right of way across the said land and in the road in question; he and others before him having used the said road or passage, as and for a road or highway, for upwards of thirty years, for themselves, their teams, horses, cattle, &c. That the defendant and those before him, and others, had the peaceable use of said road, as a road or way, for upwards of thirty years, and that too by the *license, consent and permission* of Jonathan Brown, the owner of said land and farm. That the plaintiff purchased his farm on which his said dwelling house stood, of the said Jonathan Brown, and the road or passage in question was at the said time used as a road or highway, and the said Jonathan Brown at the time when the said defendant built and erected his said dwelling house, agreed with the defendant, in consideration that he the said defendant would build and erect his said house, at the place and where he did erect it, that he the said defendant should and might always and forever have and use, and have the right to use and occupy the said road or passage aforesaid, leading by or from the said house, on the said Jonathan Brown's farm, to the said dwelling house of the plaintiff as the same was then and had since been used, as and for a road or highway; and that the defendant might and should travel and enjoy the same for that purpose. And the defendant alledged that he did enter upon, and pass over said road, leading across said farm, using the same as a road or way, for himself, friends, family and teams, as he lawfully might. And he denied entering upon the plaintiff's premises, or premises in his possession, except in pass-

Boyce *v.* Brown.

ing over said road ; and alledged that if he ever turned aside or
turned out of said road or path, it was because the same was
unlawfully and wrongfully obstructed or rendered impassable at
the particular place, by the plaintiff or others, so that he could
not otherwise pass along, and therefore he turned aside to avoid
the obstructions, and he removed the obstructions as he lawfully
might, and in order to pass.  He denied that he ever left the
gates or bars down wrongfully or unnecessarily, as alledged in
the complaint; that if he ever did so, it was because the plain-
tiff, by his act (or the act of others) had so chained or fastened
up, or fixed the same, that the defendant could not put or fix up
the same, or because he found the same open ; that if any po-
tatoes or corn or other crops were injured, it was because the
plaintiff had wrongfully and knowingly put the same in the
road in question, where the defendant had a right to travel.
And the defendant denied any and all matters, things and acts
and damages alledged in the complaint, except the passing over
the road in question, and denied that any damage was sustain-
ed by means thereof, as alledged in the complaint.  And he
claimed that said road over which he passed was a public high-
way, or at all events a private way or road, and that the defend-
ant had a right of way, or an easement, in and over the same,
by prescription, by agreement, and by actual user of himself
and others for over 20 years, and from necessity.  That the
plaintiff was a mere tenant of said premises.  As to any act or
thing, or alledged trespass, if any, prior to the time alledged in
the complaint, the defendant alledged that there had been a
former trial and judgment for the defendant upon the same, be-
fore Silas Hall, Esq. justice of the peace, in a suit brought by the
plaintiff against the defendant.  He denied that any damage
was done by cattle or beasts, as alledged in the complaint, and
alledged that he had at the several times a right to travel and
pass over said land and road ; that the plaintiff, when he enter-
ed upon and took possession of said farm, did so with know-
ledge of the right of the defendant to pass over and travel the
same, and subject thereto ; that if the defendant entered on any
land in the plaintiff's possession other than in passing over said

road, which however he denied doing, it was upon lawful business with the express or implied license and permission of the plaintiff.

The judge, at the circuit, ordered judgment to be given for the plaintiff, for the insufficiency of the answer; with leave to the defendant to withdraw his answer and substitute a new one, on payment of costs.

*J. C. Hopkins*, for the plaintiff.

*O. F. Thompson*, for the defendant.

*By the Court*, Hand, J. The answer admits an entry upon the land of the plaintiff, and sets up matter in justification; and the important question is, does it in substance contain a justification? It was put in before the code was amended. The code then required that the answer should contain, " In respect to each allegation of the complaint controverted by the defendant a specific denial thereof, or of any knowledge thereof, sufficient to form a belief. 2d. A statement of any new matter constituting a defense, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what was intended." And the different grounds of defense were to be stated separately. (*Code,* §§ 128, 9.) The 118th section abolished all the *forms* of pleading theretofore existing, but did not abolish the fundamental principles by which legal controversies had been conducted. That perhaps was impossible, without changing or interfering with the rights of parties.

An eminent writer says that " pleading is a statement, in a logical and legal form, of the facts which constitute the plaintiff's cause of action, or the defendant's ground of defense. It is the formal mode of alledging that on the record, which would be the support or the defense of the party, in evidence." (1 *Chit. on Pl.* 195.) This definition is as true now in relation to substance, as before the code. The forms before in use are not now in some respect " legal forms," particularly as to the classifi-

Boyce *v.* Brown.

cation of actions; but the manner of stating the claim or defense, as required by the code, with this exception, and that of certain formal parts, still remains; and in other respects I have not been able to discover that any great change has been made in the substance of pleading. The pleader may use his own language, but the necessary matter must be there, and be stated in an intelligible and issuable form, capable of trial. Facts must still be set forth according to their legal effect and operation, and not the mere evidence of those facts, nor arguments nor inferences, nor matter of law only. (*Gould on Plead.* 14, 53. 1 *Chit. Pl.* 196. *Dyett* v. *Pendleton*, 8 *Cowen*, 792, *Spencer, senator. Grannis* v. *Clark*, 8 *Id.* 36. *Kearny* v. *King*, 1 *Chit. Rep.* 28. *Church* v. *Gilman*, 15 *Wend.* 656. 2 *Saund.* 9, *b . n. z.* 3 *B. & A.* 66.) Nor should pleadings be hypothetical. (*Gould* v. *Lasbury*, 4 *Tyr.* 863. 1 *B. & P.* 413. 3 *M. & Sel.* 114. *Steph. Pl.* 430, 1.) Nor in the alternative. (*Cook* v *Cox*, 3 *M. & Sel.* 110, 114. 1 *B. & P.* 413. 1 *Chit. Pl.* 217. *Tifft* v. *Tifft*, 4 *Denio*, 175.) In this case the title or right (if any) is set up in the alternative form; and again the defendant says, that *if* he did go *extra viam*, it was because the way was obstructed. Good pleading should be material, single, true, unambiguous, consistent, and certain to a common intent as to time, place, person and quantity, and not redundant or argumentative. I do not say that under the code a failure in these particulars would be fatal. The pleadings are to be liberally construed, with a view to substantial justice, and the court is to disregard errors and defects which do not affect the substantial rights of the party. (§§ 159, 176.) But these qualities were desirable in pleadings at law, formerly, and the same general principles governed pleadings in equity. Buller, J., in *Reed* v. *Brookman*, (3 *T. R.* 159,) says, " Pleading is the formal mode of alledging that on the record which would be the support or defense of the party in evidence ;" and Mr. Justice Story says, this rule is equally applicable to pleadings in equity as to pleadings at law. (*Story's Eq. Pl.* 3, *n. And see Lube's Eq. Pl. pt.* 2, *ch.* 1, § 111.) There should be some proper forms of proceeding, without which logical order and reasoning can not be

preserved.   The same eminent writer says:  " It is obvious that in every system of jurisprudence professing to provide for the administration of justice, there must be some forms of proceeding adopted to bring the matters in controversy between the parties who are interested therein, before the tribunal by which they are to be adjudicated.   (*Stor. Pl.* § 1.)   When the law and the fact are decided by the judges, there is not the same necessity of separating them.   In that case the judge selects the points in the pleadings to which the proofs are to be applied.   But when this is done in the haste of a jury trial it is more difficult, and casts upon the court great power and responsibility, and this selection often takes the counsel by surprise.   The judge has not only to select the issues to be tried, and perhaps out of voluminous pleadings, but to make the jury also possessed of them.   It may be questionable whether, in the class of cases which will admit of it, that great and prominent characteristic system of our jurisprudence, trial by jury, will not have more freedom of action and be more complete in practice, by the use of simple and settled forms of issues, familiar to the profession, and to which juries can generally respond, yea or nay.   However, intending to avoid all hindrance of justice by mere technicalities, our lawgivers have assimilated the pleadings in equity and at law; and endeavored to require a plain statement of facts for both ; and it is the duty of the courts, as far as may be, to carry that change into effect, in good faith and in all its spirit.   This must be done by liberal amendments and by disregarding every thing merely formal; but to disregard substance and all the plain common sense rules of pleading, will lead to doubt, surprise and confusion, open the door for chicanery, and utterly subvert, in effect, the trial by jury.   All experience has shown that the trial by jury is best adapted to direct issues, stript of extrinsic and unnecessary matters.   These are best obtained by truth and certainty in pleading.   Ld. C. J. Hobart said, more than two centuries since, that truth is the goodness and virtue of pleading, and certainty the beauty and grace of it.   (*Slade v. Drake, Hob.* 295.)   The paragraph from which this sentiment is extracted is at once concise and elegant.   " Littleton

Boyce *v.* Brown.

says that the pleading is the honorable, commendable and profitable part of the law ; and by good desert it is so. For cases arise by chance and are many times intricate, confused and obscured, and are cast into form and made evident, clear and easy, both to judge and jury (which are the arbitrators of all causes) by good and fair pleading. So that this is the principal art of law, for pleading is not talking ; and therefore it is required that pleading be true ; that is the goodness and virtue of pleading ; and that it be certain and single, and that is the beauty and grace of pleading." When set forms are used, of which the nature, use and effect are known to all, although not literally of the precise meaning given to them, yet no embarrassment is felt in ascertaining the issue. But if all forms, as such, are to be thrown aside, the pleader must conform to certain settled principles by which good pleading is tested, for without such rules, doubt, uncertainty and perplexity, to say nothing of constant novelty and diversity, will tend to render the administration of justice at least tardy, precarious and irregular, if not capricious. In all pleading at common law, in whatever language, and whether *ore tenus* or written, except in case of well understood and familiar forms, we find truth and certainty have been insisted upon. The pleading before us wants these. Truth, because inconsistent with itself. Every lawyer knows the difference between a public and private way, and that if public, it is not private ; and also the distinction between a highway by statute, by grant, by prescription and of necessity. And it is uncertain, because in the form of disjunctive propositions, or negations, and in the alternative ; and also in part hypothetical.

As I understand section 129, (now 150, which is the same except in a few words,) it is a statutory inhibition against duplicity in stating two defenses together. Each defense (or ground of defense) must be separately stated. And this, I think, applies to more than one defense to the same cause of action, as well as to different defenses to different causes of action ; so that, under the code, as amended by the act of April 11, 1849, it may be doubtful whether, what was matter of form before, requiring a special demurrer, is not now matter of substance.

Boyce *v.* Brown.

But it is not important to consider that point in this case ; nor whether, if duplicity alone does not now make the answer *insufficient* in substance, it can be demurred to at all; (§ 153 ;) for I think this answer radically defective in matter.

All that I mean to say now, is, that as a general rule, a pleading, to be good by the settled principles of pleading as modified by the code, must state the facts constituting a legal cause of action or ground of defense ; and these should be set forth in a plain, direct, definite, certain and traversable manner, and according to their legal effect. Any number of facts constituting one cause of action or one defense, may be combined ; but each cause of action, and each defense, should be stated separately, and then they will be capable of trial. (*Code,* §§ 142, 149, 150, 160, 176.) This answer does not conform to these rules.

It is said there are five kinds of private ways. By grant, (and reservation,) prescription, necessity, custom, and statutes. (*Woolrych on Ways,* 9.) I doubt whether any such right exists here by custom, which is a sort of prescription by all of a certain community or place. Here, except by proceedings under the statute, a right of way rests upon grant, prescription, necessity or reservation. A prescription supposes a grant before the time of legal memory. A way of necessity derives its origin from a grant and by operation of law. In pleading a way by prescription or grant, no doubt the particular grounds of the title must be set forth, and as a way of necessity is in truth nothing else but a way by grant, it must be pleaded in the same way ; and, if its origin can not be any longer traced, must be claimed by grant or prescription and pleaded as such, or (in some cases) as a non-existing grant. (*Dutton* v. *Taylor,* 2 *Lutw.* 148.) And if there once existed unity of possession, some authors have supposed it must be claimed by way of grant. The better opinion now is that a way of necessity can not be pleaded in general terms. See most of the authorities collected in the notes to *Pomfret* v. *Ricroft,* (1 *Saund.* 323, 6*th ed.* 1846, *Phil.*) Indeed, it seems there is no general way of necessity, without specifying the manner whereby the land over which it is claimed, becomes charged with the burden. Such was the decision in

*Bullard* v. *Harrison*, (4 *M. & Sel.* 387,) where Ld. Ellenborough approves of Sergeant Williams' note to *Pomfret* v. *Ricroft*, (*supra.*) These are matters of substance. How can the plaintiff prepare for trial on the naked affirmation that the defendant claims a right of way by grant, without stating any thing more? It is no better than for the defendant to answer by a single sentence, "I justify under a right of way." It would be almost impossible to try such vague allegations. All the precedents are opposed to such looseness and obscurity. (9 *Went. Pl.* 161. *Lill. Ent.* 426. 2 *Rich. Pr. C. P.* 49. 3 *Ch. Pl.* 1118, 1127.) It is not even stated that the defendant could not have gone upon his own land, or that there was no other way. (*Bullard* v. *Harrison*, 4 *M. & Sel.* 392. *Reynolds* v. *Edwards*, *Willes*, 287. *Holmes* v. *Goring*, 2 *Bing.* 75. *Holmes* v. *Seely*, 19 *Wend.* 507.) In *Chichester* v. *Lethbridge*, ( *Willes*, 71,) it was held that a public and a private way were inconsistent, and could not be claimed together; and that a prescription for a right of way for the plaintiff and *other persons*, without naming them, was bad after verdict.

The answer further alledges that if the defendant ever turned out of this road, it was because it was unlawfully obstructed and made impassable by the plaintiff or others. It now seems well settled that a party having a private way can not justify going *extra viam* because the road is impassable. (*Taylor* v. *Whitehead*, *Doug.* 749. *Bullard* v. *Harrison*, 4 *M. & Sel.* 387. *Woolrych on Ways*, 51. 3 *Kent*, 424. *Holmes* v. *Seely*, 19 *Wend.* 507. *Williams* v. *Safford*, *MS.* decided in 4th district. *See Post.*) Though perhaps this would be good in case of a way of necessity; particularly if the averment had been positive, that the disturbances were by the plaintiff or by his aid. (*Buller, J. in Taylor* v. *Whitehead, supra.* 3 *Kent*, 424. *Woolrych*, 51. *Holmes* v. *Seely, supra. Reynolds* v. *Edwards*, *Willes*, 282. *Osborne* v. *Wise*, 7 *C. & P.* 761. *Bullard* v. *Harrison, supra.*)

As to the allegation that "the defendant and those before him, and others," had the peaceable use of this road for more than thirty years by the "license, consent, and permission of

Jonathan Brown," it is at most a mere license, and is so stated. Nothing is alledged showing that license to be irrevocable. (*Cocker* v. *Cowper*, 1 *Cr. Mees. & Roscoe*, 418. *Reynolds* v. *Edwards*, *Willes*, 282. *Mumford* v. *Whitney*, 15 *Wend.* 380. *Bird* v. *Higginson*, 4 *Nev. & M.* 505. *Webb* v. *Paternoster*, *Palm.* 71. 15 *Vin. Ab. License. F.* 11 *Ves.* 391. *Poph.* 151. 2 *Lill. Ab.* 215. *Prince* v. *Case*, 10 *Conn.* 375. *Jackson* v. *Babcock*, 4 *John.* 418. *Ex parte Coburn*, 1 *Conn.* 570.) Indeed it was still executory. A license is countermandable, though it concerns profit or pleasure, unless there be a certain time in the license. If a time is fixed, it is a lease. (15 *Vin. License, A. & E.*) This long user might, unless explained, (*Luce* v. *Carley*, 24 *Wend.* 651,) have sustained a plea of grant or prescriptive right. (*Corning* v. *Gould*, 16 *Id.* 531.) But it is not so pleaded.

The defendant further says that when he purchased of Jonathan Brown, this road then existed, and when the defendant built his dwelling house, Brown agreed that in consideration that the defendant would build there, he might forever use this road, and have the right to the use of it. It is not alledged that the defendant built his house in consideration thereof; or built it at all, except inferentially ; but if it had been, as no grant is pretended, I think the principle laid down in *The Utica and Sch'y R. R. Co.* v. *Brinckerhoff*, (21 *Wend.* 139,) applies. There was no consideration or mutuality. And besides, as this is an easement, it should be claimed by grant or by prescriptive right, which supposes one. (3 *Kent*, 452. 15 *Wend.* 380, *and cases there cited. Dexter* v. *Hazen*, 10 *John.* 246. *Jackson* v. *Babcock*, 4 *Id.* 418.) Nor is there any allegation that the defendant was induced to lay out money to build the house, in consequence of such agreement.

The answer contains no defense to the action, and the next question is, can this be taken advantage of on the trial ? The code, before it was amended, declared that an issue of law arises upon a demurrer to a complaint, or upon an allegation of fact in pleading by one party, the truth of which is not controverted by the other. (§ 204.) The plaintiff could not, it would seem,

(under the former code) demur, yet by going to trial upon this answer he admitted it to be true, so far as the matter is set out issuably. But that admission did not aid a defect in substance. If a good title be defectively set out, it is doubtful whether, under this section, the plaintiff could have made the objection on the trial. But the case is different where the title itself, as set out, is defective, or where in truth none is set out. Both of these objections apply to this case.

This answer was put in before the amendment of the code: it is therefore unnecessary to inquire whether the court, of its own motion, should have required the answer to be more definite and certain. (*Code*, § 160.)

The judgment rendered at circuit must be affirmed.

Judgment affirmed.

---

ALBANY GENERAL TERM, September, 1849. *Wright, Harris, and Watson,* Justices.