WILLIAM WALKER, *Administrator of the goods, &c. of Emily Orcott* v. GEORGE B. GILBERT, *and another.*

On the trial of an action for rent reserved in a lease, it appeared that the tenant's goods had been injured by rain leaking through the roof, and that the landlord had agreed to apply the tenant's damages on account of the rent as it fell due, which were to be ascertained by selling the damaged goods at auction. The defendant's counsel requested the judge to charge the jury that "if they found that the plaintiff had agreed to ascertain such damages by having the damaged goods sold at auction, and by deducting the amount so obtained from their invoice price, and to apply the amount so ascertained in payment of the rent as it fell due, and that all this was done,—then they should find a verdict for the

defendants." *Held*, that the judge properly refused so to charge, as the proposition did not involve the necessity of the jury's finding a mutual agreement, but only an undertaking on the part of one party, which would be without consideration and void.

Such an agreement, if mutual and concurrent in point of time, may be upheld; but as the defendant's counsel did not ask to have the jury determine whether such an agreement was made, nor take any exception to the direction to find for the plaintiff, nor ask for judgment on the evidence, on the ground of such an agreement, the verdict for the plaintiff will not be disturbed, on appeal.

APPEAL by the defendants from a judgment of the Marine Court.

The action was for rent of premises 114 Chambers street, leased by the plaintiff, as administrator, to the defendants for one year from the first day of May, 1862, at an annual rent of $1,800, payable quarterly. The defendants, by way of defense, state, that on the 14th day of April, through a defect in the roof of the building, they were flooded and damaged $1,240, and they set up that there was an agreement to allow this damage by way of payment of the rent for which the action was brought. They also set up in their pleadings an agreement, upon a "valuable consideration," to repair. There was evidence that the plaintiff agreed to pay the defendants' damages, and that, for the purpose of ascertaining the amount, the goods should be sold at auction, and the difference between the amount realized and the invoice price, should be applied in payment of the rent as it fell due. The defendants' counsel requested the judge to charge the jury, "that if they also found that the plaintiff had agreed to ascertain such damages, by having the damaged goods sold at auction, and deducting the amount so obtained from the invoice price of the same, and to apply the amount of the damage so ascertained in payment of the rent as it fell due; and that all this was done, and the amount of' damage so ascertained exceeded the amount of rent due on August 1, 1863, for the recovery of which this action is brought, that then they should find a verdict for the defendants."

The court declined so to instruct the jury, to all of which the defendants excepted.

Under the peremptory direction of the presiding justice, the

jury found a verdict for the plaintiff for the sum of $477.94. The defendants appealed to this court.

*George W. Parsons*, for the appellants.

I. As owner of the entire building, plaintiff was liable for injuries to defendants resulting from the condition of the premises adjoining those leased to defendants, caused by the negligence of plaintiff, either in the faulty construction or in the failure to repair. In this case a fault in the construction of the building occasioned the damage (*Eakin* v. *Brown*, 1 E. D. Smith, 43; *Tenant* v. *Goldwin*, 6 Mod. 311; 1 Hilliard on Torts, 129).

II. Then, if it were admitted that it was doubtful whether the plaintiff was liable, as he supposed, it is an elementary principle of law that compromises of uncertain or conflicting rights constitute a valid consideration for an agreement. The law favors them, and will not inquire into the question compromised, or the relative force or value of rights, if there be only an honest actual compromise of what are supposed to be valid claims (1 Parsons on Contracts, 367; 1 Parsons on Notes and Bills, 196; *Lingridge* v. *Dorville*, 5 Barn. & Ald. 117; *Seaman* v. *Seaman*, 12 Wend. 381; *Russell* v. *Cook*, 3 Hill, 504, and cases cited; *Stewart* v. *Ahrenfeldt*, 4 Den. 189). A mere mistake of the law will not impeach a compromise (*Stewart* v. *Stewart*, 6 Clark & F., 911–968; *Taylor* v *Patrick*, 1 Bibb R. 168; *O'Kesson* v. *Barclay*, 2 Penn. 531; *Thorpe* v. *White*, 13 Johns. 53).

III. The agreement to compromise, as has been seen, was fully completed; and nothing remained but to ascertain the amount of the damage in the matter agreed upon. This was done. (1.) If it be claimed that this was a verbal agreement to submit the question of amount to this mode of arbitration or adjustment, we answer it was good and binding (*Deidrich* v. *Richley*, 2 Hill, 271; *McManus* v. *McCulloch*, 6 Watts, 359). (2.) Even an agreement to abide by the result or decision is not necessary; the law will imply it (*Valentine* v. *Valentine*, 2 Barb. Ch. 430). And an oral or parol award is sufficient

when the submission is verbal (*Wells* v. *Lain*, 15 Wend. 99 ; *French* v. *New*, 20 Barb. 481 ; and see *L'Amoreaux* v. *Gould*, 7 N. Y., 349, and cases cited).

*E. B. Hinsdale*, for respondent.

I. A landlord is in no case bound to repair, unless by force of an express covenant or contract (*Howard* v. *Doolittle*, 3 Duer, 464 ; *Sherwood* v. *Seaman*, 2 Bosw. 127 ; *Cleves* v. *Willoughby*, 7 Hill, 83). If a parol agreement to repair is proved to have been made subsequent to a written lease, it must be upon a " *new and sufficient consideration* " (*Post* v. *Vetter*, 2 E. D. Smith, 248 ; *Speckels* v. *Sax*, 1 E. D. Smith, 253). There is no pretense that there was an express agreement to repair.

II. If the respondent was legally liable for the damage caused by the overflow, the bargain was binding ; if he was not liable, the agreement was void for want of a consideration (*Cabot* v. *Hoskins*, 3 Pick. 83 ; *Fowler* v. *Shearer*, 7 Mass. 14 ; *Ehle* v. *Judson*, 24 Wend. 97 ; *Sherman* v. *Barnard*, 19 Barb. 291 ; *Watkins* v. *Halstead*, 2 Sand. 311).

III. One who acknowledges himself liable through a mistake of the law, is not bound by his agreement or acknowledgment (*Silvernail* v. *Cole*, 12 Barb. 686 ; *Warder* v. *Tucker*, 7 Mass. 449).

By the Court.—Cardozo, J.—This case differs essentially from the one between these parties, decided by the Superior Court in March, 1864. In that case there was no proof of any mutual agreement between the parties that the damaged goods should be sent to auction ; and it was for that reason—the absence of such evidence—that the Superior Court held the promise of the plaintiff, to allow the damages ascertained by the sale at auction to be deducted from the rent, to be without consideration and void. But in the case at bar, there is testimony showing a mutual agreement, concurrent in point of time, between the parties, that the goods should be sent to auction, and that the damages sustained by the defendants should thus be ascertained, and then deducted from the rent ;

and therefore the ground upon which the Superior Court held the plaintiff's undertaking to be void is removed, and there can be no doubt that his agreement was founded upon a sufficient consideration (Chitty on Cont., 29).

I should, therefore, be in favor of reversing this judgment, were it not that the point does not seem to have been presented to the court below. The case seems to have been tried and disposed of below, upon the assumption that the proof did not show a mutual agreement, but only an undertaking upon the part of the plaintiff, subsequently acted upon by the defendants, which, however, would not support the promise of the plaintiff (*The Utica, &c., Railroad Co.* v. *Brinckerhoff*, 21 Wend. 139), and the defendants did not direct the attention of the court below to the fact that any mutual agreement, concurrent in point of time, had been shown, nor ask to be permitted to go to the jury as to whether any such had been proven. The ground assumed by the defendants, was, that if the jury "found that the *plaintiff* had agreed to ascertain such damages by having the goods sold at auction, and deducting the amount so obtained from the invoice price of the same, and to apply the amount so ascertained in payment of the rent as it fell due, *and that all that was done*, then the verdict should be for the defendants."

But this could not be sustained; because the proposition did not involve the necessity of the jury finding a mutual agreement, but only an undertaking on the part of one party, which would be without consideration and void. The Marine Court was therefore right in refusing the request made by the counsel for the defendants, and as the counsel did not take any exception to the judge's peremptory direction to the jury to find for the plaintiff, and did not ask judgment in favor of the defendants on the evidence, on the ground that there was a valid mutual agreement, concurrent in point of time, proven; nor ask to have the question whether such an agreement had been made, submitted to the jury, it is too late to raise the point now, and therefore the judgment should be affirmed.

Judgment affirmed.