## VAN ALSTYNE v. CRANE, appellant.

*Pleading — what constitutes defense in action for fraud — Demurrer.*

Plaintiff brought an action to recover money alleged to have been fraudulently received by defendant, a banking house, while proceedings were pending to have them declared bankrupts, in which proceedings an injunction had been issued restraining them from doing any further business. The complaint alleged that defendants concealed these facts, and opened their banking house and did business as usual, with intent to defraud, and plaintiff, relying on the appearances, deposited the money with them and received a draft on C., in whose hands they, as was alleged, had no funds, and the draft was not paid. The answer denied most of the allegations of the complaint, and admitted the receipt of the money and the giving of the draft, but alleged that when the draft was delivered defendants had funds in C.'s hands, and that the draft was not presented until a number of days afterward. The answer also alleged that the transaction was in good faith, and that the reason why defendants kept their banking house open was that they expected to make a speedy arrangment with their creditors and have the proceedings discontinued. Other facts were alleged tending to disprove fraudulent intent. *Held*, on demurrer, that the answer constituted a defense to the action.

APPEAL by defendants from an order at special term sustaining the plaintiff's demurrer to defendant's answer. The action was brought in Ontario county by George Van Alstyne against Carso Crane and Samuel E. Norton. The opinion states the case.

*William H. Adams,* for appellant, cited *Nichols* v. *Pinner,* 18 N. Y. 295 ; *Mitchell* v. *Worden,* 20 Barb. 253.

*J. W. Stebbins,* for respondent.

MULLIN, P. J. This action is brought to recover of the defendants, who were bankers at Phelps, in the county of Ontario, $770, alleged to have been obtained from the plaintiff by false and fraudulent representations. The facts alleged in the complaint are that on the 6th of January, 1872, the day the money was received by defendants from the plaintiff, they were insolvent, and proceedings were pending against them, instituted by their creditors, to have them declared bankrupts, in which proceedings an injunction had been issued by the court in bankruptcy restraining them from doing any

further business. The defendants concealed these facts and opened their banking house on said 6th of January and continued business as usual, with intent to cheat and defraud their creditors. The plaintiff, relying on their appearance and in ignorance of their condition, deposited with them $770, and received from them a draft on Henry Clews & Co., of New York, for that sum. It is further alleged that defendants had at that time no funds in the hand of Clews & Co. The draft was presented to Clews & Co. and payment refused.

The defendants put in an answer containing two defenses. One denies most of the facts alleged in the complaint, the other, after admitting the receipt of the money from plaintiff, and the delivery of the draft, alleges, that when the draft was delivered to plaintiff, the defendants had on deposit with Clews & Co., funds or securities against which they had been accustomed, and permitted to draw to an amount much larger than that called for by the draft; that plaintiff, or his transferees, held said draft, and it was not presented until a number of days after it was drawn, and that drafts drawn subsequent to that of the plaintiff were duly paid. It is further alleged that the proceedings in bankruptcy were commenced against defendants, on or about the 6th of January, by the service of an order to show cause, and an injunction. The service was made by a young man, who stated that the proceedings had been instituted for the purpose of bringing about the consummation of an agreement between defendants and their creditors to extend time for payment of their liabilities, and requested defendants to go to Syracuse the following Monday and an arrangement would be completed by which the proceedings in bankruptcy would be terminated. Defendants went to Syracuse, leaving the sons of defendant Norton in charge of the bank, instructing them to open the bank, but not to transact any business; or if any was transacted to keep it separate, so that it could be canceled in the event an arrangement was not completed at Syracuse. A meeting was held, and an agreement prepared and signed by most of defendant's creditors. A full settlement was considered so certain by Norton and the creditors, that by the advice of and consent of a number of his creditors, he (Norton) returned home and continued business as before, until and including the 13th of January, when the negotiation for a settlement suddenly terminated, and the bank was closed. The answer further alleges that the receipt of the plaintiff's money, and the sale of the

draft were in good faith, and that subsequently a petition setting forth these facts was presented to the court in bankruptcy, and an order was made authorizing the assignee to pay to all persons becoming creditors after the 6th of January, in the same manner as other creditors upon their proving their debts, and accepting the same in satisfaction of their claims.

The plaintiff demurred to this defense as not stating facts sufficient to constitute a defense to the action. The special term sustained the demurrer, and gave leave to defendants to answer within twenty days on payment of costs. From this order the defendant appeals.

In stating a cause of action or defense in a pleading, facts, and not the evidence of facts, must be set forth. *Boyce* v. *Brown*, 7 Barb. 80; *Russell* v. *Clapp*, id. 482; *Pattison* v. *Taylor*, 8 id. 250; *Talman* v. *Rochester City Bank*, 18 id. 123. This was the rule at common law, and it is the rule that common sense requires to be applied in determining the sufficiency of a pleading.

The ground on which a recovery is sought in this action is fraud, and the facts constituting the fraud are alleged in the complaint. A denial of the fraud as charged puts the plaintiff on proof of it, and entitles the defendants to prove all such facts as they are able to produce disproving the fraud charged. In Moak's Van Santv. Pl. (3d ed.) 507, it is said there are matters of defense which need not be set up in the answer, but may be introduced under a mere denial, as for example matters which go to the essence of the cause of action or contract, showing that no sufficient contract was, in fact, ever made, or no cause of action ever existed, and generally all such matters as go to disprove any material allegation in the complaint.

There is no doubt but that the matter set up in the defense, demurred to, could have been proved under the denial in the first defense. At common law almost all defenses were admissible in the action of assumpsit, and in case for torts under the plea of the general issue. But the defendant was, nevertheless, at liberty to plead specially any matter of defense not amounting to the general issue that admitted that a contract, for example, was made, but that it was void or voidable for any cause which, in law, rendered it void or voidable. 1 Chitty's Pl. 474. It is not necessary to consider whether such a mode of pleading is or is not admissible under the Code. Certain it is that a defense denying fraud, which is the

gravamen of the complaint, amounts to a denial of the whole cause of action, and would not have been admissible as a special plea.

There is a continually increasing tendency to prolixity in pleadings, and when to this mischief is added that of setting up in answers matter wholly unnecessary, thereby increasing largely the costs to suitors and the labors of the court, it is time the practice was stopped, and counsel required to conform to the rules of pleadings which would render impossible these abuses. I do not propose to affirm the order of the special term on this ground, and perhaps the defects in the pleadings cannot be reached by demurrer. I shall not consider that question.

The defense was demurred to because it did not constitute a defense to the action. The defense is a denial of the fraud charged and a statement of facts which tend to prove the absence of intent to defraud. These allegations, if established by evidence, would be a defense to the action. Assuming them to be well pleaded the court could consider no facts other than those stated in the part of the answer demurred to and which were admitted by the demurrer. He, however, goes back to the complaint and assumes the facts therein stated to be true, and he comes to the conclusion that the defendants were upon the complaint and answer guilty of fraud. This, I think, the court below had no right to do.

While I entertain no doubt the pleading demurred to is wholly defective and ought to be stricken out, yet I think it constitutes a defense to the action. The order of the special term should be reversed.

*Order reversed.*