(February 14, 1887.)

## BROADBENT ET AL. v. JOHNSON.

[13 Pac. 83.]

GRATUITOUS SUBSCRIPTION—MERE OFFER—NUDUM PACTUM.—A gratuitous subscription with only one signer is but an offer, which until accepted by the promisee in express terms or by a performance of the conditions stipulated therein is but a *nudum pactum*, and cannot be enforced against the will of the subscriber by suit at law.

APPEAL from District Court, Ada County.

D. P. B. Pride, for Appellant.

As to the second assignment of error: The evidence shows no damage to the respondents by reason of appellant's subscription—admitting that the respondents were parties to the instrument (which the complaint does not show, neither does the evidence); they "could sustain no action upon it until after the condition had been performed, and then the measure of recovery would be, not the sum stated as the amount of the promised subscription, but the damage which the persons bringing the action had sustained." The complaint in this case contains none of these elements; neither does the evidence show any damage to respondents on account of appellant's subscription. (*Lake Ontario Shore R. R. Co. v. Curtiss,* 80 N. Y. 323; *Homan v. Steele,* 18 Neb. 652, 26 N. W. 473; *McDonald v. Gray,* 11 Iowa, 509, 79 Am. Dec. 509.) The general rule of law is that, in order to support an action, the promise must have been made upon a legal consideration, moving from the promisee to the promisor. No consideration ever flowed from these respondents to the appellant. (*Felt v. Juda,* 3 Utah, 414, 4 Pac. 243, and cases cited; *Exchange Bank v. Rice,* 107 Mass. 37, 9 Am. Rep. 1; *Law v. Foss,* 121 Mass. 531; *Trustees of Hamilton College v. Stewart,* 1 N. Y. 586.)

Huston & Gray, for Respondents.

A subscription to a common object with others, though gratuitous, creates a legal liability. (*Norton v. Janvier,* 5 Harr.

346; *McDonald v. Gray,* 11 Iowa, 508, 79 Am. Dec. 509; *Comstock v. Howd,* 15 Mich. 237; *State Treasurer v. Cross,* 9 Vt. 289, 31 Am. Dec. 626.) When advances have been made, or expenses or liabilities incurred by others, in consequence of voluntary subscriptions, before notice of withdrawal, this will be deemed sufficient to make them obligatory, provided the advances were authorized by a fair and reasonable dependence on the subscriptions. (*Gittings v. Mayhew,* 6 Md. 113; *Homes v. Dana,* 12 Mass. 190, 7 Am. Dec. 55; *Doyle v. Glasscock,* 24 Tex. 200; *Parsonage Fund v. Ripley,* 6 Me. 442; *Farmington Academy v. Allen,* 14 Mass. 172, 7 Am. Dec. 201; *Bryant v. Goodnow,* 5 Pick. 228.) A subscription becomes a contract when accepted by the beneficiaries and acted upon by the incurring of an obligation or the expenditure of money. (*McCabe v. O'Connor,* 69 Iowa, 134, 28 N. W. 573; *Osborn v. Crosby,* 63 N. H. 583, 3 Atl. 429, and note, p. 431; *Landwerlen v. Wheeler,* 106 Ind. 523, 5 N. E. 888; *United Presb. Church v. Baird,* 60 Iowa, 237, 14 N. W. 303; *Homan v. Steele,* 18 Neb. 652, 26 N. W. 472.)

BUCK, J.—This action was brought to recover the sum of $500 subscribed by the defendants toward the building of a branch railroad from the Oregon Short Line Railroad to Boise City. The subscription is in the following words, to wit:

"SUBSCRIPTION FOR A RAILROAD TO BOISE CITY.

"We, the undersigned, citizens and property holders of Boise City and vicinity, Ada County, Idaho territory, hereby, each for himself, agrees to pay the amount set opposite his respective name, to the Union Pacific Railroad Company, upon consideration that the said Union Pacific Railroad Company shall build a branch railroad from some point on the Oregon Short Line Railroad, hereafter to be determined upon by S. H. H. Clark, general manager of said Union Pacific R. R. Co., to Boise City, Idaho; the construction of such branch road to be commenced and completed within a reasonable time; said amounts to be due and payable to Jeremiah Brumback, John Lamb, and John Broadbent when required; said Brumback, Lamb and Broadbent

being duly authorized to collect and pay over said money sub-
scribed by us.

"Boise City, December 7, 1883.                      Dollars
[Signed]            "O. P. JOHNSON, - - - - $500."

The complaint states that the said Clark located the road to
Boise City, and that the said Union Pacific road, through the
Oregon Short Line Railroad, surveyed and located said branch
road from the town of Caldwell to Boise City, and did procure
the right of way and depot grounds, and did promise and agree
to and with defendant, among others, to build and construct said
branch road, and have commenced the construction thereof;
that the said promise and agreement of said Union Pacific
Railroad was upon the condition that the said Oregon Short
Line road should receive good and sufficient deeds of said
branch line, roadbed, depot grounds, and twenty acres of
ground for shops; that the said Oregon Short Line did locate
said branch line to Boise City, and two miles above said city,
and that the defendant and other subscribers did assent, after
said subscription, that the amount subscribed by him and them
should be used to procure and purchase said right of way,
shop and depot grounds; that J. Brumback and J. H. Bush
were appointed by defendant and other subscribers to procure
said right of way; that they procured the same, and delivered
to said Oregon Short Line road good and sufficient deeds there-
for, and did pay out and expend about $40,000 for the same;
that the defendant has paid no part of said $500; and that the
same is now due and owing.

To this complaint the defendant interposed a demurrer,
upon the grounds, among others, of nonjoinder of parties, and
that it did not state facts sufficient to constitute a cause of
action.  The demurrer was overruled, to which ruling the de-
fendant excepted.  The defendant thereupon filed his answer
denying the allegations of the complaint, and alleging that the
same was procured by fraud.  The action was tried at the
April term of court, 1886, and the jury returned a verdict for
plaintiff for the amount claimed, $500.  From the judgment
entered upon the verdict the defendant appeals, and brings the

cause into this court on a bill of exceptions. Among the errors specified in the bill of exceptions is:

1. That the court erred in overruling plaintiff's demurrer to the complaint. In considering the merits of the demurrer, we notice that the subscription set out in the complaint is not a mutual one, to which there are several signers. The defendant, O. P. Johnson, is the only signer thereto. If there were others, it is not so alleged in the complaint, and it does not so appear in the record. It is unilateral. For this reason much of the argument, and many of the authorities cited, on appeal, do not seem applicable to the facts of the case as they appear in the record. The obligation set out in the complaint is a written offer by defendant to the Union Pacific Railroad Company to pay the company $500 if they will build a branch road connecting Boise City with the Oregon Short Line Railroad, and specifying that the plaintiffs in this action are authorized to collect the same, and to pay the same to said company. The document contains no acceptance on the part of the company. In and of itself it is a naked offer—a promise without a consideration—and not binding on the subscriber. (*Utica etc. R. R. Co. v. Brinckerhoff*, 21 Wend. 139, 34 Am. Dec. 220; *Cottage Street M. E. Church v. Kendall,* 121 Mass. 529, 23 Am. Rep. 286; *Livingston v. Rogers,* 1 Caines, 585; *Trustees etc. v. Stewart,* 1 N. Y. 581.) It has none of the elements of a mutual promise between different signers of a subscription, which the courts have held to be a sufficient consideration between the several subscribers.

The complaint, however, alleges that, after the subscription was made, the said Union Pacific Railroad promised and agreed to and with defendant and others to build said branch road upon the consideration that the Oregon Short Line Railroad should receive good and sufficient deeds to their roadbed, depot grounds, and ground for shops, and that defendant assented thereto; that thereupon, upon such assent, one J. Brumback and J. H. Bush were appointed by the defendant and other parties subscribing to procure said right of way in January, 1884, to secure the same, which they did, relying upon said subscription, at an expense of about $40,000.

Accepting this statement to be true, as admitted by the demurrer, it seems that the proposition of defendant to the Union Pacific Railroad, made by the terms of said subscription dated December 7, 1883, was met by a counter-proposition from said company to defendant and others to build the road if they could be given the right of way, and that defendant, with others, assented to the counter-proposition in January, 1884; that, pursuant thereto, defendant and others appointed J. Brumback and J. H. Bush to procure said right of way; and that said Brumback and Bush accepted such employment, and procured said right of way at an expense of about $40,000. The agreement under which said right of way was secured, as is set out in the complaint, was subsequent to and entirely distinct from the subscription upon which this action is founded. The subscription was dated December 7, 1883. The arrangement for right of way was made in January, 1884. If the defendant was a party to the agreement as proposed by the railroad company in January, 1884, the subscription of December 7, 1883, was only referred to as fixing the amount of his liability. Whatever obligations defendant may have assumed under the arrangement to secure the roadbed must have been under the subsequent agreement, and not on the subscription set out in the complaint. Said subscription being void for want of mutuality—a mere *nudum pactum*—the plaintiffs could acquire no authority from it to bring this action, or to collect the amount subscribed; nor can the defendant be forced to pay upon a void obligation. If defendant is liable at all, it must be to parties other than the plaintiffs, and upon some other obligation than that set out in the complaint.

We are of the opinion that the demurrer should have been sustained, and the judgment is reversed.

Hays, C. J., and Broderick, J., concur.