## MUNN *v.* COOK *et al.*

*(Supreme Court, General Term, First Department. January 24, 1890.)*

1. TRIAL—OBJECTIONS TO EVIDENCE.

The complaint set forth the agreements sought to be enforced, and alleged the recovery by plaintiff of a foreign judgment against defendant in an action for the same relief. Issue being joined, plaintiff introduced in evidence both the agreements and the judgment, the latter of which she claimed to be conclusive against defendant on the matters thereby adjudged. The court thereupon ordered the agreements stricken out, and afterwards, deciding that the judgment had no effect on defendant, dismissed the complaint without prejudice to any subsequent action on the agreements. *Held,* that it was error to strike out the agreements, as plaintiff had a right to rely on both the agreements and the judgment, and a failure in her position on one could not prevent her recovery on the other.

2. EVIDENCE—FOREIGN INTERLOCUTORY DECREE.

An interlocutory decree of another country or state is not conclusive against defendant in an action in New York, by the same plaintiff, and for the same relief as was granted by such decree. VAN BRUNT, P. J., dissenting.

Appeal from special term, New York county.

Action by Ellen Munn against Joseph M. Cook and her husband, George Frederick Munn, to enforce marriage agreements made by defendant Munn in her favor. Defendant Cook was joined as a defendant because he was the custodian of the property affected by the agreements. The court dismissed the complaint, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Bangs, Stetson, Tracy & MacNeagh,* for appellant. *E. Luther Hamilton* and *Austen G. Fox,* for respondents.

DANIELS, J. The plaintiff is the wife of the defendant George F. Munn. Before their marriage, an agreement was entered into between them by which he assigned and transferred to certain persons named as trustees articles of household furniture and other things for the use, benefit, and enjoyment of the plaintiff after she became his wife; and it was further agreed that if the defendant Munn then was, or during the marriage should become, seised or possessed of, or entitled to, any real or personal property, either in England or the United States of America, he would also convey, assign, and assure the same, and cause it to be vested in the trustees, in trust for the plaintiff during her life, for her separate use, and from and after her decease in trust for such person or persons, and for such purposes, as the defendant Munn should by deed or will appoint. This agreement was executed by these two persons, and also by John Leslie Thomson, one of the three trustees; and, so far as it related to household furniture and other articles then owned by the defendant Munn, it appears to have been performed to the satisfaction of the plaintiff. A further agreement was made between these two persons on the 30th of January, 1886, which was after their intermarriage, by which it was agreed that the persons named as trustees, including the individual subscribing, in that capacity, the preceding agreement, should be released from the obligations previously declared, and that all these articles should thereafter belong to the plaintiff absolutely, and that the share and interest of the defendant Munn under the will of his father should belong to him free and discharged from all the trusts and powers in the preceding agreement mentioned. In the mean time the father of the defendant Munn had died, and this defendant had become entitled to one-fifth of his estate. On the 1st of February, 1886, a further and third agreement was entered into, which was executed by the defendant Munn, in substance agreeing that the plaintiff should become entitled to the income of this one-fifth derived from the estate of his father; and the object, more especially, of the complaint in the action was to enforce the observance of this part of the agreement. To secure that end, the plaintiff set forth the substance of these agreements, so far as they

were essential to her right of action, in the complaint, and alleged the acquisition of this fifth of the estate of his father by the defendant Munn, and that it had passed into the possession, under his authority and for his use, of the defendant Cook, who had been requested, but refused, to hold the securities for the benefit of the plaintiff. The complaint further stated that an action had been commenced in the high court of chancery of Great Britain, by the plaintiff against the defendant, to secure the same relief, and that her right to that relief had been determined by the court, and an interlocutory judgment entered to that effect on the determination. Issue was taken by the defendants upon these allegations contained in the complaint, and it was the issues so framed which came on for trial at the special term; and, to support the plaintiff's case as it was presented by her complaint, these agreements, and the interlocutory judgment entered in the English court of chancery, were proved and read in evidence. And it was further proved, in support of the plaintiff's case, that the defendant Munn had become entitled to one-fifth part of his father's estate, amounting to $33,325.50, and that under his power and authority it had passed into the possession of the defendant Cook, to be held and managed by him for the interest of the other defendant.

When the evidence was completed on the part of the plaintiff, a discussion arose between the counsel as to the ground upon which the plaintiff proposed to maintain her action; and it was then stated by her counsel that the action rested upon the agreement, and that the judgment which had been introduced was evidence in support of it. It was further stated that the plaintiff was not suing upon the judgment, but alleged it, and offered it as evidence; and as such it was claimed to be conclusive against the defendant Munn upon the matters which had been adjudged and determined by the English court of chancery. The right of the plaintiff to proceed upon the agreements, and to use this judgment as evidence in her behalf sustaining her action, was denied by the defendants; and, inasmuch as the plaintiff's counsel claimed to rely upon the judgment as conclusive evidence against the defendant Munn, the court was asked to strike out the contracts or agreements which had been introduced in evidence on behalf of the plaintiff. This motion was opposed by her counsel, but the court directed the agreements to be stricken out as against the defendant Munn; and to that direction the plaintiff excepted. Evidence was then given on behalf of the defendants tending to impeach the decree on the ground of the alleged incapacity of the defendant Munn to be sued and proceeded against as he had been in the action in chancery. The court, however, determined that the evidence was insufficient to impeach the decree, but finally decided that it was not controlling and binding upon the defendant Munn in this action, being interlocutory only by its terms; and, as the agreements remained in evidence affecting only the defendant Cook, and the plaintiff was not entitled to maintain her action against her husband upon the decree, and those agreements having been stricken out, so far as they affected him, the action was not supported, and the complaint was ordered to be dismissed. This direction, however, was qualified by the further statement that it was without prejudice to any action the plaintiff might be advised to bring upon these agreements, or any or either of them. The plaintiff filed exceptions to these decisions, and has relied upon these exceptions to support her appeal.

Her cause of action depended upon the agreements which were made between herself and the defendant Munn. They were the foundation of whatever right, either legal or equitable, she had acquired against him. Without them, she had no cause of action whatever; and it was necessary, therefore, that these agreements should be set forth, or referred to, as they were, in the complaint, and proved upon the trial. And the fact that, in addition to the agreements, the interlocutory decree was also set forth in the complaint, and proved upon the trial, in no manner changed the basis or foundation of her

action. It still remained necessary for her to establish her right under the agreements to secure her any success or relief whatever; and the statement of the decree which had been obtained in the court of chancery in no manner changed or superseded her dependence upon these agreements. The only effect which possibly could be followed by the proof of the decree was that of evidence tending to establish whatever right she might derive from the agreements themselves; and the circumstance that her counsel claimed this decree to be conclusive in her favor still left her dependent upon the agreements, unless the court should hold, which it did not, that her right to relief was in fact adjudged and conclusively determined by this decree. The court made no such adjudication, either during the trial or at its conclusion; but the adjudication made was that the decree had not become entitled to any conclusive effect against her husband, and that appears to have been correct, as an interlocutory decree of another state or country is entitled to no such weight or effect. *Brinkley* v. *Brinkley*, 50 N. Y. 184, 202. In these respects, this case differs essentially from that of *Krower* v. *Reynolds*, 99 N. Y. 245, 1 N. E. Rep. 775; for there the facts alleged prior to the recovery of the judgment presented no right of action. And the judgment, as it was described, was final and conclusive upon the rights of the plaintiffs; and they could recover, if at all, only on the judgment. As evidence, this decree consequently failed to maintain the right it was given to support; and, having failed in that respect, the plaintiff was then remitted to the agreements previously set forth and referred to for the purpose of maintaining her action against these defendants. She was legally, as well as equitably, entitled to insist upon maintaining her case under the agreements, if it should be determined that the decree was not evidence on which that could legally or equitably be done. By relying upon it, she in no manner forfeited her right to proceed and depend upon the preceding allegations contained in the complaint. What was done in her behalf was to present the entire case as it was proposed to be maintained by the agreements, and also by decree; and, if she was legally held to fail in her dependence upon the latter, she was entitled to go back to the agreements, and sustain her action under their covenants, if that could legally or equitably be done. These agreements had been made an essential part of her action, and issue had been taken upon her complaint by the answers which the defendants severally interposed; and what the court had to do at the trial was to try these issues, and it could not avoid the necessity for doing so by striking out from the evidence the agreements which had previously been received. Upon this subject, it has been declared by section 965 of the Code that an issue either of law or of fact must be tried as prescribed in this chapter unless it is disposed of as prescribed in chapter 6 of the same act. Neither of these issues was disposed of under any authority contained in the sixth chapter of the Code of Civil Procedure. They were therefore before the court for trial, and each party had the legal right to give any evidence, admissible under the issues, which was in her or his power, for the purpose of maintaining them; and section 969 has further declared that an issue of fact, not specified in the preceding section, which includes cases to be tried by a jury, must be tried by the court unless a reference or a jury trial is directed. The issues under these provisions were before the court for trial upon all the pertinent evidence which they would allow either party to give in support of the action, or by way of defense; and these agreements were such evidence on the part of the plaintiff. They were strictly within the issues, and formed, as the case was decided by the court at the trial, the entire foundation on which the plaintiff could rely to maintain her action; and for these reasons it was error on the part of the court to strike the agreements out after they had been received as part of the evidence. The plaintiff was entitled to present the case to the court upon all the facts having either a legal or equitable tendency to support her right; and, if she failed in

her dependence on the decree as evidence, that did not prevent her from relying upon the other allegations and proofs given by her in the action for the purpose of maintaining it. This general subject, as a matter of pleading, was considered in *Boyce* v. *Brown*, 7 Barb. 80, and the rules were there generally collated and considered; and it was added, in the course of the opinion, that "any number of facts constituting one cause of action or defense may be combined, but each cause of action or defense should be stated separately." Id. 88. And this complaint was within this rule; and, as it presented but one cause of action against the defendant, the plaintiff was at liberty to prove her right to maintain it, either upon the agreements or upon the decree, or on both. And she did not forfeit that right by claiming in her behalf more than she was entitled to claim as the effect the decree was entitled to have. All the evidence was legally and properly in the case, and she had the right to require its decision, not only upon the decree, but upon the agreements themselves; and if, in the judgment of the court, she failed in her position as to one, that failure did not prevent her from then relying in support of her action upon the other.

The decision of the court, as it was finally made, proceeded upon the conclusion that the plaintiff's right of action depended upon the agreements; and yet she was prevented from maintaining it by the direction which was given striking them out as evidence against the defendant Munn. No better illustration could be given than this direction of the impropriety of striking out the agreements; for, if that had not been done, then, when the court determined that the action could not be maintained by force of the decree, the other evidence would have been accessible upon which the plaintiff's right to recover was held to depend. Striking that out deprived her of the basis upon which the court held she could alone proceed, and prevented her from obtaining a decision as to the effect of the covenants in the agreements in the way of supporting her action. The trial proceeded throughout upon this erroneous theory, and the plaintiff was thereby prevented from having the legal effect of the facts set forth as a ground of her action in the complaint, and the evidence given to support it upon the trial. No authority has been found sustaining this course of proceeding; but the system of practice, as it has been provided for, will entitle the party to have the action considered upon any legal ground contained in the pleadings on which it may be sustained, and; if the facts are alleged disclosing a cause of action, the additional circumstance that others are inserted in the pleading, on which the party is incapable of succeeding, will not prevent by any legal rule a recurrence to the allegations and evidence upon which the suit may be maintained. But, on the contrary, if one ground for recovery is found to fail, and another is disclosed, upon which the action or defense may be sustained, that is entitled to all its weight and effect in the case, the same as though the faulty or inefficient part of the case or defense had been wholly omitted. The judgment should be reversed, and a new trial ordered, with costs to the plaintiff to abide the event.

VAN BRUNT, P. J. I concur in the result arrived at by Mr. Justice DANIELS, but I do not concur in his opinion so far as it states that the judgment offered in evidence could have no effect because it was interlocutory. The case of *Brinkley* v. *Brinkley*, 50 N. Y. 202, relied upon by him, holds that the definite judgment of the court of another state between the same parties upon the same cause of action, upon the merits, is conclusive, but that a judgment not adjudicating definitely between the parties the merits of the case is not so conclusive; and this was all that was held. In that case, an order, made in an action pending in another state, denying alimony, was held to be no answer to an application to the courts of this state, in an action pending here, for alimony. In the case at bar there was a formal and final

determination establishing the right of the plaintiff by the foreign court, and all that remained to be done was that the defendant should account, and a new trustee be appointed. Upon the main question, the judgment was a final and definite determination upon the merits of the controversy, and therefore was admissible as evidence here.